IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER PAUL COLLINS,
    Petitioner,

vs.                                                  Case No.: 3:07cv358/LAC/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Respondent filed an answer (Doc. 12).  Petitioner was given an opportunity to file a reply (*see* Doc. 13), but he declined to do so.

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed.

I.     BACKGROUND

On May 15, 2005, Petitioner was indicted on four firearms counts in the United States District Court for the Northern District of Florida, Case No. 3:05cr46/LAC (*see* Doc. 12 at 1; Case No. 3:05cv46/LAC, Doc. 1).  Petitioner was confined in the Escambia County Jail at the time and was produced in federal court pursuant to a writ of habeas corpus ad prosequendum for an initial appearance on the federal charge on May 17, 2005 (*see* Case No. 3:05cv46/LAC, Docs. 2, 3).  On February 24, 2006, Petitioner pleaded guilty to all charges, pursuant to a written plea agreement (*see* Case No. 3:05cv46/LAC, Doc. 23).  In May of 2006, Petitioner was sentenced as follows:

> THE COURT:  It's the judgment of the Court that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 379 months.  This is composed of 211 months as to Count I, 84 months as to Count II, 84 months as to Count III and 120 months as to Count IV.  Terms imposed in Counts I and IV will run concurrent with each other.  Terms imposed in Count II and III shall run consecutive to each other and to Counts I and IV.
> . . . .
> And upon release, you'll be placed on a period of supervised release for a term of five years as to Counts I through III and three years as to Count IV to run concurrently one with the other.

> . . . .
> You'll be remanded to the custody of the marshal for carrying out of the Court's sentence.

(*see* Case No. 3:05cr46/LAC, Doc. 36). The written Judgment reflected the sentence pronounced by the sentencing judge (*see id.*, Doc. 29). Petitioner did not appeal his conviction or sentence (*see* Doc. 1 at 2; Doc. 12 at 1).

After his federal sentencing, Petitioner was returned to the Escambia County Jail, and in August of 2006, he pleaded guilty, pursuant to a written plea agreement, to similar state charges in three different cases, Case Nos. 05-1479, 05-1480 and 05-1550 (*see* Doc. 1 at 4; Doc. 12 at 2). Petitioner was sentenced to a total of twenty (20) years of incarceration on the state charges (*see* Doc. 1, attached portion of transcript in Case Nos. 05-1479, 05-1480 and 05-1550). The state sentencing judge pronounced that the state sentence "is to run concurrent with the federal sentence," and that Petitioner "may be released to federal custody," as provided in the written plea agreement (*id.*). Petitioner was returned to state custody and remains there.

In August of 2007, Petitioner filed a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255 (*see* Case No. 3:05cv46/LAC, Doc. 31). The motion was dismissed as untimely (*id.*, Docs. 34, 35). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appeal is still pending (*see* Doc. 37).

In the instant habeas action, Petitioner seeks an order directing the federal Bureau of Prisons (BOP) to take custody of him so that he may begin serving his federal sentence in a federal facility. He contends that the BOP's failure to take custody of him immediately after his federal sentencing violates his federal plea agreement and the order of the federal sentencing court, which committed him to the custody of the BOP and remanded him to the custody of the federal marshal (Doc. 1 at 3–5). He additionally appears to argue that the BOP's failure to assume custody of him violates the plea agreement entered in the state case and the state sentencing court's order that his state sentence run concurrent with his federal sentence (*see id.*).

Respondent contends that the petition is subject to dismissal because Petitioner failed to exhaust his administrative remedies (Doc. 12 at 5–6). Alternatively, Respondent seeks denial of the petition on the merits (*id.* at 2–5, 6–7).

II. ANALYSIS

After a federal court sentences a federal offender, the Attorney General, through the BOP, has responsibility for imprisoning the offender and administering his or her sentence. *See* 18 U.S.C. § 3621(a); United States v. Wilson, 503 U.S. 329, 331, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). This responsibility includes the determination of when a federal sentence is deemed to

"commence" under 18 U.S.C. § 3585(a).  *See* Wilson, 503 U.S. 329.  Under 18 U.S.C. § 3585(a), a federal sentence "commences" on the date when a defendant is received in federal custody, so that a defendant who, like Petitioner, is in state custody serving a state sentence ordinarily receives no credit on his federal sentence.[1]  But the BOP has discretion to designate a state institution as the official facility for service of the federal sentence, *see* 18 U.S.C. § 3621(b), and may even implement such a designation nunc pro tunc.  *See* Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  If the BOP makes such a designation, the state and federal sentences are, in effect, concurrent.  Otherwise, the sentences are, in effect, consecutive.  The proper implementation of a federal sentence is of course an issue for federal authorities.  A state court's decision regarding concurrency need not be followed.  *See, e.g.*, Finch v. Vaughn, 67 F.3d 909 (11th Cir. 1995); Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005); Leal v. Tombone, 341 F.3d 427, 427–30 (5th Cir. 2003); Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996).

Because Congress has granted this authority to an executive branch administrative agency, the exhaustion of administrative remedies is mandatory for federal habeas review.  *See* Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004).  Indeed, Petitioner's exhaustion of BOP administrative remedies is a prerequisite to this court's subject matter jurisdiction over his Section 2241 claims.  Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); United States v. Lucas, 898 F.2d 1554, 1555–56 (11th Cir. 1990) (citing United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982)).

In the instant case, Petitioner concedes in his petition that he had not presented his claim to the BOP in any form (*see* Doc. 1 at 5).  Furthermore, Petitioner has not responded in opposition to Respondent's contention that the matters raised in this petition have not been presented to the BOP.  Moreover, there is no indication that the fact that Petitioner is in state custody renders a BOP administrative determination unavailable to him, and the undersigned has found cases where habeas petitioners raised similar claims, but those petitioners first pursued an administrative remedy with the BOP.  *See, e.g.,* Abdul-Malik, 403 F.3d 72, 73 (Section 2241 petitioner, who was in state custody, challenged BOP's denial of his request for designation of state prison as a place of federal confinement, which would result in concurrent service of his state and federal sentences); Taylor v. Sawyer, 284 F.3d 1143, 1147 (9th Cir. 2002) (Section 2241 petitioner, who was in state custody, sought order directing BOP to designate a state facility for service of his federal sentence nunc pro

---

[1] Under 18 U.S.C. § 3585(b), a defendant receives credit for time spent in state custody prior to commencement of the federal sentence if that time "has not been credited to another sentence."  That provision does not help Petitioner, because the time he is serving in state custody is being credited on his state sentence.

Case No. 3:07cv358/LAC/EMT

tunc, thereby giving effect to an allegedly concurrent state sentence, and challenged the BOP Regional Director's denial of request, sent by state department of corrections, that state facility be designated as primary custodian for petitioner's federal term of imprisonment); McCarthy v. Doe, 146 F.3d 118, 120 (2d Cir. 1998) (Section 2241 petitioner challenged BOP's denial of petitioner's request, made via letters to Central Office of BOP, that BOP designate, nunc pro tunc, the state facility in which he was confined as the place of his federal incarceration, which would allow him to serve his state and federal sentences concurrently); Richardson v. United States, No. 4:02cv298/RH/WCS, 2005 WL 2406039, at *1, *3 n.3 (N.D. Fla. Sept. 29, 2005) (Section 2241 petitioner, who was in state custody, challenged failure of federal authorities to take him into federal custody so he could begin serving federal sentence and challenged decision of BOP not to afford him credit for time served in state custody; however, petitioner did not exhaust claim that BOP's solicitation or consideration of sentencing judge's views on certain issues was improper). There being nothing in the record to indicate otherwise, the court concludes that Petitioner's claims were not properly exhausted before filing suit; therefore, this case should be dismissed without prejudice to his filing another habeas action upon exhaustion of the administrative process.[2]

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED without prejudice** for Petitioner's failure to exhaust his administrative remedies.

At Pensacola, Florida, this 31st day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2]To the extent Petitioner seeks to challenge his guilty plea in the state case on the ground that it was not knowingly entered, he must first present his claim to the state courts before presenting it to the federal court in a habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed. 2d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Case No. 3:07cv358/LAC/EMT